## AKERLY VS. VILAS and others.

PRACTICE: *Objection to all evidence in support of counter-claim, after reply—Waiver of objection for defect of parties—Appealable orders.—Set-off and counter-claim in mortgage foreclosure.*

1. Plaintiff, after replying to a counter-claim, may still object to the admission of evidence in its support on the ground that the facts stated do not constitute a counter-claim.
2. But the objection to a counter-claim on the ground of a defect of parties must be taken by reply or demurrer, or it is waived.
3. Where, on appeal, a judgment in such a case is reversed, and the cause remanded for a new trial, the plaintiff should not be permitted to withdraw his reply to such counter-claim, and demur to it for defect of parties.
4. An order refusing leave to withdraw such a reply and to demur, is appealable.
5. In an action to foreclose a mortgage of land, given to secure bonds for the payment of the purchase money of other lands conveyed to the mortgagor, damages for a breach of the covenant contained in such conveyance may be pleaded as a *set-off ;* and this, whether the action be brought by the mortgagee and vendor, or by his assignee of the bonds and mortgage. Ch. 126, R. S.
6. Under sec. 2, chap. 154, laws of 1859, such a set-off may be rightly pleaded as a *counter-claim.*

APPEAL from the Circuit Court for *Dane* County.

After the decision in this cause at the June term, 1866 (*ante*, p. 88), the plaintiff moved the court below for leave to withdraw his replication to the separate defenses set up in the answer by way of counter-claim, numbered respectively two,

three and four (*ante*, pp. 92–3), and to file demurrers thereto. The demurrers which he proposed to file to the third and fourth defenses were on the ground that they did not state any defense or counter-claim. To the second defense the same ground of demurrer was stated; and also " that it appears on the face of said answer that there are other parties jointly liable with the plaintiff upon the covenants in the deed mentioned in said answer, and not parties to this suit."

From an order denying his motion, plaintiff appealed.

*Finches, Lynde & Miller*, for appellant, argued: 1. That all the demurrers should have been allowed, all the counter-claims being demurrable. 2. That if the demurrer for defect of parties was too late, the court should have granted the motion as to the remainder. 3. That it is not necessary for the plaintiff to object to matter pleaded as a counter-claim, on the ground of a defect of parties, either by demurrer or reply; but he may take advantage of the defect at any time during the trial. The statute declares that a failure of defendant to take this objection to the *complaint* by demurrer or answer, is a waiver (sec. 9, ch. 125, R. S.); but it does not make any such declaration in respect to a like objection by the plaintiff to a counter-claim. Secs. 15, 16, ch. 125. The reason for the distinction is, that even when the defect is so disclosed, defendant has no power to remedy it; since he cannot compel the plaintiff to make other persons parties, who are not necessary to his own (plaintiff's) cause of action. *Spencer v. Babcock*, 22 Barb., 334. 4. Plaintiff, by replying, did not debar himself from claiming that the answer did not state facts sufficient to constitute a counter-claim. 8 Bosw., 300; 22 Barb., 327; id., 143; 23 Ind., 159; 1 Hilt., 75.

*E. & C. T. Wakeley* and *Wm. F. Vilas* (with whom was *P. L. Spooner*, of counsel), contended that the order complained of was not appealable. It does not involve the merits of the action or any part thereof. *St. John v. West*, 4 How. Pr. R.,

329 ; *Oatman v. Bond,* 15 Wis., 20 ; *Rahn v. Gunnison,* 12 id., 528 ; *Cronckhite v. Ellefson,* 9 id., 252 ; *Gelpeke v. Mil. & Hor. R. R. Co.,* 11 id., 454, 468 ; *Western Bank of Scotland v. Tallman,* 15 id., 92 ; *Matteson v. Curtis,* 14 id., 436 ; *Fairchild v. Dean,* 13 id., 329 ; *Vincent v. Wellington,* 18 id., 159 ; *Waldo v. Rice,* id., 404 ; *Trustees &c. v. Nicoll,* 3 Johns., 566, 586 ; *Buel v. Street,* 9 id., 443 ; *Rowley v. Van Benthuysen,* 16 Wend., 369 ; *Fort v. Bard,* 1 Coms., 43 ; *Rogers v. Holley,* 18 Wend., 350 ; *Williamson v. Hyer,* 4 Wend., 173 ; *Gibson v. Martin,* 8 Paige, 481 ; *Kingsland v. Bartlett,* 28 Barb., 480 ; *Tallman v. Hinman,* 10 How. Pr. R., 89 ; *Bryan v. Brennan,* 7 id., 359 ; *Bolton v. Depeyster,* 3 Code Rep., 141 ; *Mead v. Mead,* 2 E. D. Smith, 223 ; *Thompson v. Starkweather,* 2 Code Rep., 41 ; *McGown v. Leavenworth,* 2 E. D. Smith, 24 ; *Gray v. Fox,* 1 Code Rep. N. S., 334 ; *Seeley v. Chittenden,* 10 Barb., 303 ; *Burger v. White,* 2 Bosw., 92 ; *Cook v. Dickenson,* 5 Sandf., 663. 2. The order, if appealable, was right. The motion was an entirety. It was not for alternative relief, nor for any different relief than the withdrawal of the *whole* reply, and leave to demur to *all* the counter-claims.

DOWNER, J. When this case was before us on a previous appeal, we held that the only defense properly pleaded as a counter-claim, was that for breach of the covenants in the deed of *Akerly* and others to *Vilas ;* and if there could have been any objection taken to that counterclaim by reason of its being against Mrs. Lord (who is not a party to the action) and the plaintiff jointly, that the plaintiff, by replying without raising the objection, waived it. On a motion for a rehearing it was urged that the plaintiff had also waived all objection to the other counter-claims by replying to them without raising any objection to their validity or sufficiency. Without deciding what would be the effect of a trial, without objection, of the issue on those counter-claims which

on the former appeal we held not authorized by the statute respecting counter-claims, we expressed the opinion that the circuit court, in its discretion, ought, if leave should be asked, to permit the reply to such counter-claims to be withdrawn, and a demurrer filed.    The plaintiff moved for leave to withdraw the reply and to demur, not only to the counter-claims we held bad, but to that we held good ; and this case is now here on an appeal from the order overruling the motion.    The plaintiff ought to have confined his motion to the counter-claims held bad.

We are, however, now satisfied that there is no necessity for any amendment of the pleadings.    The plaintiff can object to any evidence being given under the defective counter-claims at the trial, and thus obtain the same advantage he could have obtained by demurrer.    But this right to object at the trial does not extend to the counter-claim on the covenants.    As to waiving any defects for *want of parties*, the same principles apply to counter-claims as to complaints; and the plaintiff, by replying to the counter-claim on contract, without raising the objection of want of parties, waived that objection, even if it could have been successfully taken by demurrer or the reply. On that counter-claim a several judgment might be rendered between the parties to the action, as the objection that Mrs. Lord was not a party was not taken before or by the reply ; and for that reason, that counter-claim is within the provisions of section 11, ch. 125, R. S.    The claim for damages on the covenants is also within the statute (ch. 126, R. S.) respecting set-offs ; and, independently of section eleven above cited, respecting counter-claims, might be pleaded in the answer of the defendant as a set-off; and this might have been done even if the entire mortgage had been assigned, and the action to foreclose brought by the assignee.    Section 2, ch. 154, Laws of 1859, provides that set-off shall be a species of counter-claim, and the same shall be governed by the rules of

practice and pleadings applicable to counter-claims. Regarding the claim for damages for breach of the covenants as a set-off, it was rightly pleaded as a counter-claim. In any view we can take, then, the defendant has a right to have that claim adjudicated in this action. The circuit court rightly refused leave to withdraw the replication and demur to that counter-claim. And we think the order overruling the motion was appealable; though we have some doubts whether it would have been if the motion had been limited to the counter-claims held bad.

*By the Court.*—Order of the circuit court affirmed.