TUTEUR, Administrator, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*September 24 — October 14, 1880.*

*Death caused by negligence: Measure of damages.*

1. In assessing damages for the death of a person caused by negligence, where the amount recovered will belong to the children of the deceased, the jury may consider the number of years the deceased would probably have lived, the reasonable expectation of the amount of his or her property being increased, and the reasonable expectation of pecuniary benefit to the children, or any of them, by way of support or otherwise, had the deceased continued to live.

2. The fact that the children were all of age when their mother's death was caused by negligence, would not preclude a recovery for the loss of such pecuniary benefits as they had a reasonable expectation of securing from her additional accumulations.

APPEAL from the Circuit Court for *La Crosse* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action for damages for an injury to the plaint-

iff's intestate, Johanna Ewe, while she was a passenger on a train of cars of the defendant in Trempealeau county, caused by a collision at a railroad crossing, September 19, 1888, and from which she died September 25, 1888. She was a widow at the time, her husband having died about four years before. She left, her surviving, three children, to wit, Robert, about twenty-eight years of age; Bertha, a married daughter, about twenty-six years of age; and Lillie, an unmarried daughter, who was twenty-one years of age September 12, 1888. The defendant answered, and at the close of the trial the jury returned a special verdict to the effect that the injury to the plaintiff's intestate was caused by an accident at the time and place stated, through the negligence of the defendant, and that such injuries caused her death; that she probably would have lived twelve years and nine months longer had it not been for such injury; that there was a reasonable expectation that her earnings would have increased the property left by her at her death, had she continued to live, to the amount of $2,500; that her said children, or some of them, had reasonable expectations of pecuniary benefit from the continuance of her life by way of support or gifts, and that the value of such expectation was $2,500; that the pecuniary loss of such children by reason of her death was $2,500. Thereupon the defendant moved for a new trial on the grounds, among others, that said findings as to such expectation and loss of pecuniary benefit were inconsistent, and the damages excessive. Upon the hearing of that motion, February 25, 1890, it was ordered by the court that said verdict be, and the same was, thereby set aside, and a new trial granted to the defendant, without terms, unless the plaintiff, within three days thereafter, remitted all damages in excess of $1,000; that, on filing such remission in writing, the clerk was thereby directed to enter judgment for the plaintiff for $1,000, besides costs to be taxed. Afterwards, and on Feb-

ruary 28, 1890, and within said three days, the plaintiff elected to remit all damages in excess of $1,000, and thereupon judgment was entered in favor of the plaintiff and against the defendant for the sum of $1,000 damages, and costs. From that judgment the defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *C. H. Van Alstine.*

For the respondent there was a brief by *Fruit & Brindley,* and oral argument by *John Brindley.*

CASSODAY, J. The findings of the jury to the effect that the plaintiff's intestate was injured by the negligence of the defendant, and that such injury resulted in her death, as stated, seem to be supported by the evidence. She was, at the time, a widow sixty-one years of age, engaged in keeping a boarding-house at La Crosse, and had some twenty boarders, to some of whom she furnished rooms and lodgings. There is evidence tending to prove that she was in good health, and for years had been doing a profitable business, keeping boarders; that she made some money besides supporting and clothing her youngest daughter and occasionally giving small amounts of money to her son. The court charged the jury that the plaintiff could only recover the actual pecuniary loss which the children had sustained by reason of their mother's death. Of course it was impossible to definitely prove the exact amount of such loss. *Railroad Co. v. Barron,* 5 Wall. 90. The statute expressly authorized the jury to give such damages, not exceeding the amount specified therein, as they deemed fair and just, in reference to the pecuniary injury resulting from such death to the children named. R. S. sec. 4256. This certainly authorized the jury to take into consideration the number of years the intestate would probably have lived had it not been for the injury; the reasonable expectation

of the amount of her property being increased; and the reasonable expectation of pecuniary benefit to the children, or any of them, by way of support or otherwise, had the deceased continued to live without such injury. *Castello v. Landwehr*, 28 Wis. 522; *Ewen v. C. & N. W. R. Co.* 38 Wis. 613; *Johnson v. C. & N. W. R. Co.* 64 Wis. 425; *Lawson v. C., St. P., M. & O. R. Co.* 64 Wis. 447; *Kaspari v. Marsh*, 74 Wis. 562. The charge to the jury appears to have been full and fair, and did not authorize the jury to go outside of the limitations thus fixed. It is true, the damages found by the jury were in excess of the amount authorized by the evidence, but such amount was reduced by the order of the court and the voluntary action of the plaintiff, in the manner indicated. The amount of the damages so reduced seems to be sustained by the evidence.

Ordinarily parents expect no pecuniary benefits or advantages from their children after they become of age; and, hence, in case of the death of a child, it has been held necessary to show that the parent was in an indigent or dependent condition, in order to recover. *Potter v. C. & N. W. R. Co.* 21 Wis. 372, 22 Wis. 615; *Ewen v. C. & N. W. R. Co.* 38 Wis. 622; *Johnson v. C. & N. W. R. Co.* 64 Wis. 431; *Wiltse v. Tilden, ante*, p. 152. But a more liberal rule obtains in an action to recover damages for the death of a parent, for the benefit of a child. Ordinarily children are expected to survive their parents, and to inherit whatever property they leave undisposed of, and to transmit their own property to their own children. The mere fact that the children in the case at bar were all of age at the time of their mother's death did not preclude them from recovering for the loss of such pecuniary benefits as they had a reasonable expectation of securing from additional accumulations of their mother, had she not been injured. These principles seem to be recognized, if not asserted, by some of the adjudications. *Kelley v. C., M. & St. P. R. Co.* 50

Wis. 381; *McKeigue v. Janesville*, 68 Wis. 50; *Kaspari v. Marsh*, 74 Wis. 562; *Louisville, N. A. & C. R. Co. v. Buck*, 116 Ind. 566; *McIntyre v. N. Y. C. R. Co.* 37 N. Y. 287; *Walter v. C. D. & M. R. Co.* 39 Iowa, 33. We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.