KEELEY, Administratrix, Respondent, vs. GREAT NORTHERN RAILWAY COMPANY, Appellant.

*April 21—May 11, 1909.*

*Parties: Joint tortfeasors: Witnesses: Cross-examination: Rebuttal: Railroads: Injuries to employees: Negligence of engineer: Instructions to jury: Damages: Measure: New trial: Grounds: Perjury of witness: Death: Statutory limit of damages: Amendment of statute: Retroactive construction: Appeal and error: Modification and affirmance: Costs.*

1. In an action against two railroad companies for the negligent killing of plaintiff's intestate, testimony produced by plaintiff tending, in turn, to convict one railroad of negligence and exonerate the other, and convict the other and exonerate the one, justifies proceeding against both tortfeasors and the submission of the question whether or not the injury was due to con-

current negligence, or the unaided negligence of one, and, if so, which one.

2. In such situation the plaintiff, who had not seen the accident, was not obliged to try the case in advance and determine at her peril which testimony was true.

3. In an action against a railroad company for the death of a switch foreman, where the defendant's engineer had testified that his engine could not move at the time the foreman was killed because the air was on and the brakes set, it is not error to admit, on cross-examination, testimony that the engineer had had trouble with that engine five days before, that the engine would not stand still at that time, and that it then had a broken brake hanger.

4. In an action for the death of a switch foreman, alleged to have been due to negligence of an engineer in backing his engine, the complaint not charging negligence by the use of defective machinery, it is not prejudicial error for the court to charge, among other things, that "how far other facts in evidence bear on the question of the moving of the engine you will consider," when the court by various instructions impressed on the jury that they were to consider only whether or not the engineer failed in his duty to hold his engine in place.

5. Where a locomotive engineer is using a defective engine which could not be held in place by brakes, he may be guilty of negligence in approaching so close to cars as to be unable to check an involuntary movement of the engine until too late to avoid injury to one between the cars.

6. In an action by a widow, as administratrix, for negligence causing the death of her husband, it is not error to instruct the jury that plaintiff can recover the value of her "support and protection" by her husband during the time he might have lived.

7. It is not ground for a new trial that a witness admits that he testified falsely at the trial upon a material fact.

8. Where at the time of a negligent injury causing death the damages recoverable were limited by statute to $5,000, the amendment of that statute before the trial, increasing the limit to $10,000, does not increase the amount of damages recoverable.

9. Ch. 581, Laws of 1907, increasng the amount recoverable for death caused by negligence, creates a new right and does not merely change the remedy, and is not applicable to prior transactions.

10. Where the only prejudicial error affects the amount of damages, which can be corrected by reduction to the proper amount, the judgment is modified and affirmed.

11. Where the printed case does not comply with Supreme Court Rule 6, no costs will be taxed therefor.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Modified and affirmed.*

On the 13th day of May, 1907, Michael Keeley, a switch foreman in the employ of the *Great Northern Railway Company,* was killed in the yards of the company in Superior by being crushed between a box car and a car in bad order, which latter car he was endeavoring to couple on to the box car with a wire cable. The switch track, on which the accident happened, is about half a mile long, extends from north to south, and had about thirty-five cars standing on it at the time. This track was used both by the appellant company and by the Lake Superior Terminal & Transfer Company, which is also a railroad corporation. Just prior to the accident a *Great Northern* switch engine backed in upon the south end of the switch track with a box car north of the engine for the purpose of coupling on to the bad-order car and pulling it out, and when the box car had approached close to the bad-order car the engine was stopped and Keeley went between the two cars to make the coupling with the wire cable. The plaintiff (who is the administratrix of Keeley's estate) claims that at about the same time an engine of the Terminal Company came in upon the north end of the switch and backed up the cars standing on the track, and that Keeley's death was caused by the concurrent negligent acts of the engineers of both engines, in that the *Great Northern* engine was suddenly backed up without warning and the Terminal Company's engine and train was moved forward without warning at the same time, and thus the bad-order car and the box car were brought together and the deceased was killed.

The action was originally brought against both companies, and they appeared and answered separately and the case went to trial. The jury found by special verdict (1) that the intestate was killed by being crushed between two cars; (2) that the *Great Northern* engine, operated by Engineer Zearfoss,

moved backward at the time Keeley was caught and crushed him between the cars; (3) that Zearfoss was guilty of want of ordinary care which contributed to Keeley's injury and death; (4) that such want of ordinary care was a proximate cause of such injury and death; (5) that the employees of the Terminal Company did not cause the bad-order car to be moved southward at the time of the accident; (6) that Keeley was not guilty of contributory negligence; and (7) that plaintiff's damages were $6,615. Judgment for the plaintiff was rendered upon this finding against the *Great Northern Company* and the action was dismissed as to the defendant Terminal Company, and the *Great Northern Company* appeals.

For the appellant there was a brief by *J. A. Murphy* and *C. H. Crownhart,* and oral argument by *Mr. Crownhart.*

*W. P. Crawford,* for the respondent.

WINSLOW, C. J. It is first claimed that the plaintiff should have been required at the close of her case to elect as to which defendant she would proceed against. She had produced one witness (Harty) who testified that the *Great Northern* engine was suddenly backed without warning and that the Terminal engine did not move, and another witness (Pierce) who testified that the Terminal engine moved southward and caused the accident, while the *Great Northern* engine and car stood still; and thus the evidence stood when the plaintiff's case closed. The claim cannot be sustained. The plaintiff herself did not see the accident and was obliged to depend upon the testimony of the two witnesses named. She could not herself determine certainly which one told the truth. Indeed, it might well be that each told the transaction just as he saw it, and that as matter of fact both engines moved at the same time, and that each witness was honestly mistaken when he testified that the other engine did not move. If so, and if the jury so concluded, then both companies were liable

as joint tortfeasors.    On the evidence thus presented to her
the plaintiff was entirely justified in proceeding against both
and submitting to the jury the question to determine whether
the accident was the result of concurrent negligence of both
engineers or the unaided negligence of one, and, if so, which
one.    She was not obliged to try the case in advance and de-
termine at her peril which witness told the truth.

It is next claimed that certain evidence was erroneously
admitted.    Zearfoss, the engineer of the *Great Northern* en-
gine, was put on the stand by the defense and testified that
he backed in on the switch track and stopped his engine on
signals from Harty and Keeley, and set the brakes by apply-
ing seventy pounds of air, and that the engine did not move
backward after Keeley went in to make the coupling.    He
further testified, in answer to questions, that the engine could
not move during that time because the air was on and the
brakes set.    Upon cross-examination the plaintiff's attorneys
asked him if he did not have trouble with the engine five days
before, and he was allowed to answer under objection that the
engine would not stand still at that time and that it had a
broken brake hanger.    The evidence was allowed as bearing
on the question whether the engine could move or not on the
day of the accident.    We see no error in this ruling.    The
defendant by direct questions called forth from the witness
the statement that the engine could not move at the time of
the accident.    Having made this broad and positive state-
ment, it was certainly competent by way of cross-examination
to show that under the same conditions, but a few days pre-
viously, the same engine would not stand still.    That fact, if
proven, would have material bearing on the weight to be given
to his statement that the engine could not move on the day of
the accident.    Of course, it would be subject to explanation
by showing that the engine had been repaired between the
two dates, but apparently this was not done.    We perceive no
error in the ruling

In reference to the second question of the special verdict, the court charged, among other things, that "how far other facts in evidence bear on the question of the moving of the *Great Northern* engine you will consider." It is said that this instruction allowed the jury to consider and determine, in replying to questions Nos. 2 and 3, whether the moving of the engine was not caused by its defective condition, and that, as the complaint did not charge negligence by the use of defective machinery, fatal error was thus committed. We do not deem the objection tenable. The jury were carefully told in connection with question No. 3 that the duty of Zearfoss was to hold his engine in place, and the simple question was whether he performed that duty. Various instructions impressed on the jury the principle that they were to consider only whether Zearfoss failed in his duty to hold the car. If he knew he was using a defective engine which could not be held by the brakes, he would doubtless be guilty of negligence in approaching so close to the bad-order car that he would be unable to check an involuntary backward movement until too late to avoid injury to a man between the cars. In this view we cannot regard the charge as prejudicial.

The court charged the jury on the question of damages that the plaintiff might recover the value of her "support and protection" by her husband during the time he might have lived. This phrasing of the law has been approved by this court in a number of cases and cannot be considered erroneous. *Bauer v. Richter,* 103 Wis. 412, 79 N. W. 404.

It is argued that the verdict is contrary to the evidence, but upon this proposition we deem it sufficient to say that after careful examination of the record we are convinced that there was sufficient evidence to sustain the verdict.

A motion for a new trial was based in part upon an affidavit of Zearfoss to the effect that after the trial Harty admitted to him that he had testified falsely upon the trial as to the movement of the *Great Northern* engine. The court re-

fused to consider this affidavit and overruled the motion for a new trial. The ruling seems to have been correct. This court has held that the fact that a witness alleges that he committed perjury upon the trial of a cause, and will swear to a different state of facts if another trial be granted, is not ground for a new trial. *Loucheine v. Strouse,* 49 Wis. 623, 6 N. W. 360. The danger involved in placing verdicts at the mercy of weak or corrupt witnesses by granting a new trial when they admit perjury on the first trial is too apparent to require us to enlarge upon it.

The accident happened May 13, 1907, at a time when the statute (sec. 4256, Stats. 1898) limited the damages in an action of this nature to $5,000. Ch. 581, Laws of 1907, allows a recovery not exceeding $10,000, and the court held that this statute was applicable to the case in hand and so instructed the jury. In support of this ruling *Brewster v. Carmichael,* 39 Wis. 456, was relied on, but we do not find this case conclusive or persuasive. It was a trespass action not created by statute, and a law increasing the measure of damages recoverable in such actions passed after the trespass was held applicable to the case. Conceding the correctness of this doctrine as applied to a common-law cause of action, we are satisfied that it should not be held to apply to a purely statutory cause of action. When this accident happened the plaintiff had a claim for the recovery of not exceeding $5,000. Beyond this amount she had no claim or cause of action. When the legislature afterward said that in such cases there might be a recovery up to the sum of $10,000, they in effect created a new cause of action for the second $5,000. It was not a mere change in remedy, but to all practical purposes it created a new right of action. If it created a new right and did not merely change the remedy, it is not applicable to prior transactions. This is familiar law. The verdict, therefore, should not have exceeded $5,000. There being no other prejudicial error in the case, and this error affecting only the amount of

the damages, we see no reason why it may not be corrected here by reducing the amount of damages to the proper amount under the law as it stood at the time of the accident.

The printed case does not comply with Supreme Court Rule 6 and no costs will be taxed therefor.

*By the Court.*—Judgment modified by reducing the amount of damages to the sum of $5,000 as of the date of the judgment, and, as so modified, affirmed. The appellant is awarded costs, except that no costs are allowed for the printing of the case.