BRADLEY (Joy), Individually and as Administratrix of the Estate of James E. Bradley, deceased, Respondent, v. KNUTSON and others, Defendants: MADISON NEWSPAPERS, INC., Appellant.

*No. 161. Argued February 4, 1974.—Decided March 5, 1974.*
(Also reported in 215 N. W. 2d 369.)

434

For the appellant there were briefs by *Boardman, Suhr, Curry & Field,* all of Madison, and oral argument by *Bradway A. Liddle, Jr.,* of Madison.

For the respondent there was a brief by *Charles Q. Kamps, Patrick M. Ryan* and *Quarles, Herriott, Clemons, Teschner & Noelke,* all of Milwaukee, and oral argument by *Mr. Kamps.*

BEILFUSS, J.  Although several issues are set forth in the briefs and argued by counsel, we believe our opinion as to whether the amended complaint states a cause of action is determinative of the appeal.

The necessary facts in their chronological order are as follows:

On December 20, 1967, the governor of Wisconsin approved ch. 267, Laws of 1967, which increased the pecuniary damages recoverable in wrongful death actions under sec. 895.04, Stats., from $22,500 to $35,000.

The secretary of state delivered a copy of this bill to the Wisconsin State Journal on December 21, 1967, for publication. The Wisconsin State Journal is, by statute, the official state newspaper in which bills must be published before they become effective as law.

On December 22, 1967, the plaintiff's husband was severely injured in an automobile accident.

On January 1, 1968, the plaintiff's husband died as a result of the injuries sustained in the automobile accident.

On January 6, 1968, the defendant published ch. 267 of the Laws of 1967.

The defendant contends that the law governing substantive aspects of a wrongful death action is determined as of the date of the wrongful or tortious act and not as of the date of death. If this position is correct the statutory limitation in effect on the date of injury (December 22, 1967) was $22,500. The secretary of state delivered a copy of ch. 267 of the Laws of 1967 on December 21, 1967. We take judicial notice that the Wisconsin State Journal is a morning newspaper and therefore the very earliest the bill could have been published was December 22, 1967. Sec. 990.05, Stats., provides: "Every law or act which does not expressly prescribe the time when it takes effect shall take effect on the day after its publication." There is no effective date expressed in ch. 267, therefore the earliest possible date it could have become effective was December 23, 1967—the day after the plaintiff's husband was injured.

The right to sue for damages for wrongful death is purely a statutory right.[1] The plaintiff argues that ch. 267, Laws of 1967, did not create the cause of action for wrongful death—it merely increased the amount of damages recoverable as a remedial matter and that the monetary limitations as of the date of death should apply.

---

[1] *Haase v. Sawicki* (1963), 20 Wis. 2d 308, 121 N. W. 2d 876.

Wisconsin, like most jurisdictions,[2] takes the position that statutory increases in damage limitations are actually changes in substantive rights and not mere remedial changes.

In *Keeley v. Great Northern Ry. Co.* (1909), 139 Wis. 448, 454, 121 N. W. 167, this court held a statute increasing damages recoverable for wrongful death from $5,000 to $10,000 did not apply to an injury and death occurring before the effective date of the amended statute:

". . . When this accident happened the plaintiff had a claim for the recovery of not exceeding $5,000. Beyond this amount she had no claim for cause of action. When the legislature afterward said that in such cases there might be a recovery up to the sum of $10,000, they in effect created a new cause of action for the second $5,000. It was not a mere change in remedy, but to all practical purposes it created a new right of action. If it created a new right and did not merely change the remedy, it is not applicable to prior transactions. This is familiar law. . . ."

In *Keeley,* the statute was amended after both the injury and the death. In *Quinn v. Chicago, M. & St. P. Ry. Co.* (1910), 141 Wis. 497, 124 N. W. 653, a person was injured and pending action for such injuries he died leaving no lineal descendants or ancestors. He was, however, survived by two sisters. Between the dates of the injury and the commencement of the wrongful death action the legislature amended the statute to include brothers and sisters in the group of persons who could bring such an action. Prior to this amendment, collateral relatives had no such right. The court stated, at pages 499, 500:

"The right of action for the benefit of survivors, though sometimes spoken of as one which survives, is really

[2] *See* Anno. 98 A. L. R. 2d 1105.

not that, because it does not come into existence till the death of the injured person occurs. *Topping v. St. Lawrence, supra; Brown v. C. & N. W. R. Co., supra.* However, the right, inchoate in character as distinguished from the right of action, comes into existence and becomes fixed as soon as the injury occurs, but the right of action waits upon death occurring.

"...

"It must follow from the very logic of *Brown v. C. & N. W. R. Co.*, upon which the learned counsel depend, that all rights of action for the death of a person, as in this case, must depend upon the status as regards the law at the time of the injury, for it is then that the remedial right, as against the wrongdoer, must exist and its violation commence, in contemplation of the statute, in order that the final event terminating the possibility of pecuniary benefits accruing to the statutory beneficiary by a continuance of the life may constitute a remediable wrong.

"The result is that the law of 1907, passed subsequent to the wrong, adding collateral relations to the class of persons for whose benefit such an action as this may be brought, did not give such persons a right of action, because not having a remedial right at the time of the injury which could then form the basis of a right of action contingent upon the death of the injured party.

"It seems that the logic of *Keeley v. Great N. R. Co.* 139 Wis. 448, 121 N. W. 167—where, under a law passed subsequent to the injury increasing the maximum amount recoverable in such cases and plaintiff sought to recover the increased amount, the court held that such subsequent law, in effect, created a new right of action as distinguished from a new remedy to enforce an existing right of action—is in harmony herewith. It was substantially held that the law not only did not, but could not, legitimately, have a retroactive effect; that rights growing out of a wrong must relate to the happening of the wrong itself."

The plaintiff asserts that the *Quinn* and *Keeley Cases* have been weakened by subsequent cases stating that the addition of recovery for loss of society and companionship did not create a new cause of action but was merely

a new element of damages [3] and of cases stating that the statute of limitations begins to run from the date of death. [4]

The *Quinn* and *Keeley Cases* have never been expressly overruled and the cases cited by the plaintiff are not, in our opinion, inconsistent. None of the cases cited by the plaintiff involved the question of the retroactive application of the addition of a new "element of damages." The *Papke, Herro* and *Cincoski Cases* [5] held that the amount of allowable recovery had merely been expanded. In *East Wisconsin Trustee Co. v. O'Neil* (1949), 255 Wis. 528, 39 N. W. 2d 369, there was a question of whether the trial court erred in allowing funeral expenses in addition to $12,500 for pecuniary loss. By ch. 247, Laws of 1947, a subsection was added to the statute allowing recovery of funeral expenses in addition to the maximum recovery for pecuniary loss. The court held that because the accident and death occurred after enactment of the new subsection that the funeral expenses were properly allowable. The court distinguished *Mueller v. Silver Fleet Trucking Co.* (1949), 254 Wis. 458, 37 N. W. 2d 66, in which funeral expenses were held to be recoverable only within the statutory maximum by saying that in that case the action was begun in 1945. The *East Wisconsin Trustee Company Case* clearly implies that the time of accident and death are still important in determining what law will govern recovery.

The cases which hold that a cause of action for wrongful death does not "accrue" until the death for purposes of the statute of limitations and survival statutes are not

---

[3] *Papke v. American Automobile Ins. Co.* (1946), 248 Wis. 347, 21 N. W. 2d 724; *Herro v. Steidl* (1949), 255 Wis. 65, 37 N. W. 2d 874; *Cincoski v. Rogers* (1958), 4 Wis. 2d 423, 90 N. W. 2d 784.

[4] *Holifield v. Setco Industries, Inc.* (1969), 42 Wis. 2d 750, 168 N. W. 2d 177.

[5] *See* footnote 3.

inconsistent with the *Quinn Case,* which states that the substantive law to be applied in the subsequent action is fixed as of the date of injury. There are necessarily two elements in the cause of action for wrongful death. There is the wrongful or tortious conduct which renders the tort-feasor potentially liable and the death of the party which establishes the right of action. The *Quinn Case* spoke of an inchoate right which exists from the time of injury which becomes a remediable right upon death occurring. It is not inconsistent to say that the right of action must wait until death occurs but that the amount of recovery or liability of the tort-feasor and the identity of persons entitled to sue is determined by the law in effect at the time of injury rather than the time of death.

The plaintiff urges that if the law in Wisconsin presently is that the date of injury is determinative of the applicable law that this court should overrule *Quinn* and hold that the date of death, when the right of action accrues, should be the determinative date for all questions of law involving wrongful death actions. This, however, would ignore the questions of retroactivity, which compelled this court to take the position it did in *Quinn.* Because we continue to view an increase in the damages recoverable as a change of substantive right, it would follow that the date of injury should determine the tort-feasor's liability even though the final result of his tortious conduct does not occur until some later date when potential damage ripens into actual damage.

We conclude that any negligent delay in publication of the statute in question could not have affected the monetary limitation of the plaintiff's recovery and, therefore, the complaint against the defendant should be dismissed.

Several other issues have been discussed in the briefs, argued by counsel and considered by the court. Because

we have concluded the plaintiff's amended complaint does not state facts sufficient to constitute a cause of action for the reasons set forth above, we do not deem it appropriate to extend this opinion to include the other issues.

*By the Court.*—Order reversed and cause remanded with directions to dismiss the amended complaint against the defendant, Madison Newspapers, Inc.