HARRIS and another, Individually and as Administrators of the Estates of Charles and Ruth Myers, Deceased, Respondents, v. KELLEY and another, Appellants.

*No. 105 (1974). Argued September 30, 1975.—Decided October 28, 1975.*
(Also reported in 234 N. W. 2d 628.)

---

For the appellants there were briefs by *William F. Donovan* and *Noll, Donovan, Bolgrien & Ruth,* all of Beloit, and oral argument by *William F. Donovan.*

For the respondents there was a brief by *Larry J. Eggers* and *Hansen, Eggers, Berres & Kelley, S. C.,* all of Beloit, and oral argument by *Larry J. Eggers.*

BEILFUSS, J. The issues are whether the statute as amended excludes nondependent adult children from recovering pecuniary damages and, if so, whether the statute is constitutional.

Sec. 895.04 (4), Stats., as amended by ch. 59 of the Laws of 1971, became effective July 3, 1971. It provides as follows:

"Judgment for damages for pecuniary injury from wrongful death, and additional damages not to exceed $5,000 for loss of society and companionship, may be awarded to the spouse, unemancipated or dependent children or parents of the deceased."

Immediately prior to the 1971 amendment the same section read as follows:

"Judgment for damages for pecuniary injury from wrongful death shall not exceed $35,000. Additional damages not to exceed $5,000 for loss of society and companionship may be awarded to spouse, unemancipated or dependent children or parents of deceased. If the decedent leaves a dependent child under 21 years of age, the above maximum limit for pecuniary loss recoverable shall be increased $2,000 on account of each such child but not exceeding a total increase of $10,000."

The parties agree that the statute as it now exists, if literally read, excludes nondependent adult children from the class of relatives that can bring an action for pecuniary damages.

The plaintiffs argue that from the long history of the wrongful death statute it is apparent that the legislature's sole objective in the amendment was to remove any limitation as to the amount that could be recovered for pecuniary loss; and that there was no intention to remove emancipated or nondependent adult children from the class of relatives that could sue for pecuniary damages.

The trial court agreed and concluded that sec. 895.04 (4), Stats., was ambiguous when read with sec.

895.04 (2). It reasoned that the wrongful death statute must be read and construed as a whole and because sec. 895.04 (2) includes adult nondependent children as lineal heirs entitled to bring an action in the succession provided for in the statute, the apparent exclusion of this class in sec. 895.04 (4) creates an inconsistency and therefore an ambiguity to be resolved by judicial construction to determine the real intent of the legislature. The trial court further noted that adult children, as lineal heirs, had heretofore been entitled to recover damages for pecuniary injury, and that prior revisions of sub. (4) had been concerned with expanding recovery by either increasing the amounts recoverable or adding classes of persons entitled to recover. Secondly, the court pointed out that the captioned title of the amending act[1] indicates no intent to limit classes of persons entitled to recover. The analysis of the act by the legislative reference bureau[2] and the minutes of the advisory committee on auto accident liability of the legislative council demonstrate that the sponsors of the bill did not intend the result which a literal reading of the amended section would require.

The right to recover for the wrongful death of another is purely statutory. *Bradley v. Knutson* (1974), 62 Wis. 2d 432, 435, 215 N. W. 2d 369; *Cogger v. Trudell* (1967), 35 Wis. 2d 350, 151 N. W. 2d 146; *Cincoski v. Rogers* (1958), 4 Wis. 2d 423, 90 N. W. 2d 784. Under

[1] "AN ACT to amend 895.04 (3), (4), (5) and (7) of the statutes, relating to the elimination of limitations on judgments in wrongful death actions."

[2] "Analysis by the Legislative Reference Bureau

"Present law sets various limitations on the maximum dollar amounts recoverable for different damages and by different persons in wrongful death actions. This bill eliminates the present $35,000 limitation on damages for pecuniary injury and the limitation of $2,000 per child (and $10,000 total) on additional recovery for dependent children under 21. The bill also deletes the $2,000 limit on recovery for funeral expenses, permitting the recovery of actual expenses."

sec. 895.03, Stats., a person who causes the death of another by his wrongful act, neglect or fault, is to be liable to an action for damages whenever such wrongful act, neglect or fault would have entitled the injured party to maintain an action and recover damages had death not ensued. This section merely authorizes recovery by establishing the responsible party's liability, and does not state who is entitled to maintain the action, the type and amount of damages recoverable, or to whom the recovery belongs. Those determinations must be made by reference to the provisions of sec. 895.04. *See generally: Herro v. Steidl* (1949), 255 Wis. 65, 37 N. W. 2d 874.

Sub. (1) of that statute provides that an action for wrongful death may be brought by the personal representative of the deceased or "by the person to whom the amount recovered belongs." Sub. (2) sets forth the order in which surviving parties are entitled to bring the action. *Cincoski v. Rogers, supra; Nichols v. United States Fidelity & Guaranty Co.* (1961), 13 Wis. 2d 491, 109 N. W. 2d 131. Under this section, "the amount recovered" is to be paid, initially, to the spouse of the deceased, with special provision being made for the support of minor children. If no minor children survive, the spouse is entitled to the entire amount. In the absence of a surviving spouse, the amount recovered is to go to the "lineal heirs" of the deceased as determined by the priorities established in sec. 852.01, Stats. If no lineal heirs survive, the amount recovered belongs to the deceased's brothers and sisters.

Both parties appear to concede that under old sub. (4), emancipated and nondependent adult children were entitled as "issue" and "lineal heirs" to recover damages for pecuniary injury resulting from the wrongful death of a parent. *See: Tuteur v. Chicago & N. W. Ry. Co.* (1880), 77 Wis. 505, 46 N. W. 897. Both parties also

concede that emancipated and nondependent adult children have never been entitled, under any version of sub. (4), to recover damages for loss of society and companionship resulting from the wrongful death of a parent. *Cincoski v. Rogers, supra; Herro v. Steidl, supra.*

The defendants contend that sec. 895.04, Stats., as amended, is not ambiguous and that the trial court therefore erred in placing a judicial construction on the statute which is contrary to its literal wording. The primary purpose in construing statutes, of course, is to determine the legislative intent. *See: Scanlon v. Menasha* (1962), 16 Wis. 2d 437, 114 N. W. 2d 791; *State ex rel. Mitchell v. Superior Court* (1961), 14 Wis. 2d 77, 109 N. W. 2d 522; *State ex rel. Racine County v. Schmidt* (1959), 7 Wis. 2d 528, 97 N. W. 2d 493. However, when a statute is plain and unambiguous, interpretation is unnecessary and intentions cannot be imputed to the legislature except those to be gathered from the terms of the statute itself. *See: Honeywell, Inc. v. Aetna Casualty & Surety Co.* (1971), 52 Wis. 2d 425, 429, 190 N. W. 2d 499; *Green Bay Metropolitan Sewerage Dist. v. Vocational, Technical & Adult Education* (1973), 58 Wis. 2d 628, 207 N. W. 2d 623; *Cartwright v. Sharpe* (1968), 40 Wis. 2d 494, 162 N. W. 2d 5.

Because statutes are to be viewed, initially, in light of the plain and ordinary meaning of their language, it is impermissible where that meaning is clear to consider what the persons introducing or preparing the bill actually intended. *Estate of Matzke* (1947), 250 Wis. 204, 26 N. W. 2d 659. As a general rule then, a statute must be unclear or ambiguous before a court is warranted in reviewing matters outside the statutory language to determine the meaning intended. *Weather-Tite Co. v. Lepper* (1964), 25 Wis. 2d 70, 130 N. W. 2d 198.

Standing alone, sub. (4) of sec. 895.04, Stats., clearly eliminates emancipated and nondependent minor children from the class of beneficiaries entitled to recover pecuniary damages resulting from the wrongful death of a parent. The language of the subsection is clear and unambiguous. Even if read with sec. 895.04 (2), it does not create an inconsistency that makes it ambiguous. The section still provides for the right to bring an action for pecuniary damages by the deceased spouse, and unemancipated or dependent children and the parents who are by definition "lineal heirs."

The statute as now written is not ambiguous and the court cannot, under guise of judicial statutory construction, rewrite the statute to reflect the intention the legislature might have had.[3]

The plaintiffs also contend that if sec. 895.04 (4), Stats., excludes the nondependent and emancipated adult

---

[3] A bill to amend sec. 895.04 (4), Stats., has passed both houses of the 1975 legislature and now awaits the governor's signature. The legislative reference bureau's analysis of the bill was as follows:

"Present law limits recovery for pecuniary injury from wrongful death to the spouse, unemancipated or dependent children or parents of the deceased. This bill allows all persons eligible to bring a wrongful death action to recover damages for pecuniary injury from wrongful death, and will take effect retroactively to July 2, 1971."

The bill as passed provides: "895.04 (4) Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. Additional damages not to exceed $5,000 for loss of society and companionship, may be awarded to the spouse, unemancipated or dependent children or parents of the deceased."

This analysis is persuasive indication that the legislature recognized that sec. 895.04 (4), Stats., does not include adult emancipated and nondependent children within the class entitled to bring an action for pecuniary loss or injury. Sec. (2) of the bill as introduced provided for retroactive application. This section of the bill was deleted before passed in its final form.

children from recovering pecuniary loss, the statute is unconstitutional as a denial of equal protection. This argument is based upon the premise that insofar as recovery of damages for pecuniary injury is concerned, a distinction between dependent and unemancipated minor children and emancipated and nondependent adult children is irrational, arbitrary and capricious.

While the legislature may, in creating particular rights of action, distinguish between classes of persons, this classification must be based on proper economic, political or social basis. *Christoph v. Chilton* (1931), 205 Wis. 418, 421, 237 N. W. 134. If the classification does not rest upon a difference between the classes which bears a fair, substantial, natural, reasonable and just relation to the objective of the act, it is a violation of the guaranty set forth in the fourteenth amendment of the United States Constitution that all citizens are entitled to equal protection of the law. *See: State ex rel. Wisconsin Lutheran High School Conference v. Sinar* (1954), 267 Wis. 91, 65 N. W. 2d 43, appeal dismissed (1955), 349 U. S. 913, 75 Sup. Ct. 604, 99 L. Ed. 1248; *State ex rel. Murphy v. Voss* (1967), 34 Wis. 2d 501, 149 N. W. 2d 595; *Hill v. Burke* (7th Cir. 1970), 422 Fed. 2d 1195, certiorari denied, 400 U. S. 944, 91 Sup. Ct. 248, 27 L. Ed. 2d 249.

No right existed for the recovery of damages resulting from wrongful death under the common law. *Bradley v. Knutson, supra; Cogger v. Trudell, supra; Cincoski v. Rogers, supra.* By the enactment of sec. 895.04, Stats., the legislature has granted such a right of recovery to designated persons. The question here presented is whether the distinction drawn by the legislature, evidenced by sec. 895.04 (4), Stats., as to who may recover damages for pecuniary injury resulting from wrongful death is rational and reasonable. More particularly, is there a rational reason for allowing dependent adult and unemancipated children to recover damages for pe-

cuniary injury resulting from the wrongful death of a parent while denying such a right of recovery to emancipated and nondependent adult children?

This court has developed specific standards by which the reasonableness of a statute's classification is to be measured:

(1) All classifications must be based upon substantial distinctions which made one class really different from another.

(2) The classification adopted must be germane to the purpose of the law.

(3) The classification must not be based upon existing circumstances only and must not be so constituted as to preclude addition to the numbers included within a class.

(4) To whatever class a law may apply, it must apply equally to each member thereof.

(5) The characteristics of each class could be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.

See: Dane County v. McManus (1972), 55 Wis. 2d 413, 198 N. W. 2d 667; State ex rel. Real Estate Examining Board v. Gerhardt (1968), 39 Wis. 2d 701, 159 N. W. 2d 622; State ex rel. Ford Hopkins Co. v. Mayor (1937), 226 Wis. 215, 222, 276 N. W. 311; State ex rel. Baer v. Milwaukee (1967), 33 Wis. 2d 624, 633, 148 N. W. 2d 21.

Is there a substantial distinction between dependent adult and unemancipated minor children and emancipated and nondependent adult children? The obvious distinction between the classes in question is the different degree of dependence which each would be presumed to have on their parents for their continued financial and emotional support. There can be little argument that unemancipated minors and dependent adults rely more

heavily on their parents for such support than do emancipated minors or nondependent adults. This difference is substantial.

Is the classification germane to the purpose of the law? This court has construed the purpose of the wrongful death statute to be the provision of compensation to designated beneficiaries for their loss of relational interest with the deceased person. *See: Wurtzinger v. Jacobs* (1967), 33 Wis. 2d 703, 148 N. W. 2d 86. Initially, of course, damages were limited to those of a pecuniary nature. *See: Potter v. Chicago & N. W. Ry. Co.* (1867), 21 Wis. 377 (*372). Basically, beneficiaries may recover damages which represent: (1) The amount the deceased would have provided for the beneficiaries' support (*Schoenberg v. Berger* (1950), 257 Wis. 100, 42 N. W. 2d 466); (2) that part of the deceased's prospective estate which would have gone to the beneficiary as an heir (*Tidmarsh v. Chicago, M. & St. P. Ry. Co.* (1912), 149 Wis. 590, 136 N. W. 337). By the terms of ch. 263, Laws of 1931, and ch. 194, Laws of 1959, certain beneficiaries are also entitled to recover damages for loss of society and companionship, a nonpecuniary loss.

In all cases the legislature has consistently limited any recovery for wrongful death to those persons who can demonstrate a substantial relationship to the deceased. As to awards which represent loss of financial support and loss of society and companionship, the distinction between dependent children (minors and dependent adults) and nondependent children (emancipated minors and nondependent adults) appears entirely logical and germane to the purpose of the law. Plaintiffs contend that nondependent children have as great an expectation and interest in their parents' estate as do their dependent brothers and sisters. This may, in many cases, be true. Nevertheless, the distinction which sec. 895.04, Stats., creates is consistent with the legislative purpose

of limiting recovery for wrongful death to persons with a demonstrably close relationship with the deceased.

Does the statute apply equally to each member of the selected class? As to the members of the individual classes in question (basically dependent versus nondependent children), sec. 895.04, Stats., applies equally— all dependent children may recover for the wrongful death of their parents while all nondependent children may not.

Are the characteristics of the favored classes so far different from those of the disfavored class as to reasonably suggest the propriety of substantially different rules for each, having regard to the public good? Under amended sec. 895.04, Stats., the spouse, parents, nonemancipated minor and dependent adult children are entitled to recover damages for pecuniary injury and loss of society and companionship. Emancipated and nondependent adult children are not. A reasonable basis may be found for the distinction which the statute draws between two of the favored classes (spouse and dependent children) and the disfavored class—the difference in the degree of their dependence on and the implied closeness of their relationship to the deceased. Under the circumstances of this case there appears to be no comparable distinction between the parents of the deceased person and his nondependent adult children.

It appears to be within the public interest to provide compensation to those who are deprived of the financial and emotional support of a parent and spouse by the wrongful act of another. While, under this set of facts, it appears that the rational basis for distinction—dependence and close relationship—does not exist as between the deceased's parents and his or her nondependent adult children, that fact should not be determinative of the statute's constitutionality.

It is an acknowledged principle of law that a classification, though discriminatory, is not arbitrary or capri-

cious, and therefore not violative of the equal protection requirement, if any statement of facts reasonably can be conceived which will sustain it. *See: McGowan v. Maryland* (1961), 366 U. S. 420, 81 Sup. Ct. 1101, 6 L. Ed. 2d 393; 16 Am. Jur. 2d, *Constitutional Law*, p. 866, sec. 497. It is apparent under the statute in question that there will be occasions where the deceased person will be the child rather than the parent. Especially where the child is a minor at the time of his wrongful death, the parent would be a party to the close relationship which justifies the classification in question.

The fact that plaintiffs here, as nondependent adult children, may have an expectation of inheritance similar to that which dependent children have should not render the statute unconstitutional. This court has stated that the fact that the legislature has not seen fit to provide a remedy for every problem of a particular type should not render the classification employed invalid. *See: State ex rel. Harvey v. Morgan* (1966), 30 Wis. 2d 1, 139 N. W. 2d 585.

We conclude that sec. 895.04 (4), Stats., does not permit nondependent adult children to recover damages for pecuniary injury resulting from the wrongful death of a parent and that the statute is constitutional. The demurrer should be sustained.

*By the Court.*—Order reversed.