Beatrice H. DEMPSEY

v.

STATE.

No. 81-434-Appeal.

Supreme Court of Rhode Island.

Sept. 27, 1982.

Gunning, LaFazia & Gnys, Inc., Netti C. Vogel, Providence, for plaintiff.

Dennis J. Roberts II, Atty. Gen., Richard B. Woolley, Sp. Asst. Atty. Gen., for defendant.

OPINION

PER CURIAM.

This is a civil action in which the plaintiff, a widow, seeks damages from the State of Rhode Island pursuant to the provisions of G.L. 1956 (1969 Reenactment) chapter 7 of title 10, the so-called wrongful-death statute.

The facts are undisputed. The plaintiff's husband was a patient at the Rhode Island Medical Center General Hospital. On June 29, 1976, he died as a result of having been given solid food when the hospital staff was required to furnish the deceased with a special diet of ground-up food.

At the time of the husband's death, § 10-7-2 called for a minimum recovery of not less than $5,000. After suit was initiated, a default was entered against the state for its failure to comply with the Superior Court's order calling for the filing of more specific responses to the interrogatories propounded by plaintiff. When the case came on for hearing on plaintiff's proof of claim, the minimum recovery called for by § 10-7-2 had been increased by the General Assembly at its January 1980 session to $25,000. The trial justice, in ordering recovery of $8,062, refused to invoke the newly enacted minimum.

Every court which has considered the issue raised by plaintiff has found that a subsequent change as to the amount or the elements of damage in the wrongful-death statute to be substantive rather than procedural or remedial, and thus any such change must be applied prospectively. *See Kliebrink v. Missouri-Kansas-Texas Railroad Co.,* 224 Kan. 437, 444-45, 581 P.2d 372, 378-79 (1978); *Mihoy v. Proulx,* 113 N.H. 698, 701, 313 A.2d 723, 725 (1973); *Bradley v. Knutson,* 62 Wis.2d 432, 436-37, 215 N.W.2d 369, 371-72 (1974); *see also* Annot., 98 A.L.R.2d 1105, 1110 (1964).

On September 21, 1982, the plaintiff's counsel appeared before a panel of this court and sought to show cause why her appeal should not be dismissed because the 1980 amendment effected a substantive change in the wrongful-death statute.

Since no cause was shown, the plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

WEISBERGER and MURRAY, JJ., did not participate.