*589 Wilkie, J.
There are two issues presented on this appeal:
First, is Green Bay ordinance sec. 16.18 (2) (i) discriminatory as to gasoline stations and therefore unconstitutional ?
Second, is sec. 16.18 (2) (i) unconstitutional because it operates as an ex post facto law ?

Discriminatory Effect.

It is elementary that an ordinance is presumed to be constitutional and that the attacking party must establish its invalidity beyond a reasonable doubt.[1] If there is any reasonable basis for its enactment, the ordinance must be sustained.[2] Furthermore, this court will not interfere with a municipality’s exercise of police power unless it is clearly illegal.[3] That the regulation of billboards and signs is a valid exercise of a municipality’s police power is well recognized.[4]
Sec. 16.18 (2) (i) provides, in part:
“16.18 (2) (i) All signs, with the exception of one identity sign, shall be located beyond the building set-back estab *590 lished for the abutting street or 15 feet from the street property line, whichever is greater. . . [5]
Appellant contends that this section is discriminatory and therefore a denial of equal protection in that only gasoline station signs, as opposed to signs of other types of drive-in businesses, are regulated. In State ex rel. Ford Hopkins Co. v. Mayor,[6] this court promulgated five standards which must be followed in enacting “class” ordinances. In the present case, the ordinance could be defective only in regard to the first[7] and fifth [8] tests, which basically require substantial distinctions in the characteristics of each class.
Here, there was little evidence introduced by either side on the peculiarities of gasoline station billboards and signs. Captain Ray Sloan, who was in charge of the traffic division of the Green Bay police department, testified that he had received numerous complaints from citizens, aldermen, and policemen in regard to these types of signs. He opined that sec. 16.18 (2) (i) would particularly promote safety because filling stations as a rule generated more traffic and were open longer than other businesses. Appellant claims that gasoline stations are no different than grocery stores, hamburger stands, or other drive-in businesses because each has ingress *591 and egress facilities. But no proof was submitted to show that these businesses have the same number of approaches as a gas station or that the volume of traffic is identical, or that similar traffic dangers attend each type of operation.
In light of the distinctions which Captain Sloan testified actually existed in this case, and in the absence of affirmative evidence demonstrating that the dissimilarities are unreal, sec. 16.18 (2) (i) must be sustained as a valid exercise of the police power in the interests of public safety.

Ex Post Facto.

Assuming it to be valid in regard to classification, the ordinance cannot be attacked on the ground that it is an ex post jacto law since that proviso of the Wisconsin constitution [9] only applies to criminal prosecutions.[10] Appellant can only urge that the ordinance simply not be given a retroactive sweep so as to destroy vested rights. In Cream City Bill Posting Co. v. Milwaukee,[11] a comprehensive Milwaukee billboard ordinance was attacked by an advertising company which had 35,000 lineal feet of billboards in the city and a payroll of $18,000. In rejecting an argument that the ordinance, which ordered the removal of all nonconforming signs within one year, was tainted because of its retroactive sweep, this court said:
“The retroactive feature of this ordinance is probably the most drastic and doubtful requirement contained in it. These structures were lawful when erected, and the ordinance in effect requires that they be torn down and replaced by others complying with its terms. In favor of the ordinance it may be said that these structures are of a flimsy and temporary character and that they must be frequently replaced. Further *592 more, that there seems to be a substantial need for some alterations to be made therein within a reasonable time. The making of these alterations must practically necessitate the reconstruction of the billboards. The reasonableness of the provision must depend on the extent of the interference with the private right as well as the extent to which public welfare is involved. In case there is any reasonable doubt upon the point, it must of course be resolved in favor of the validity of the ordinance.” [12]
If it was not unreasonable to apply retroactively an ordinance which had a profound and substantial impact on a firm actually engaged in the billboard business, it is likewise not unreasonable to require appellant to move two four-by-six-foot signs back several feet at most to conform to the ordinance. Appellant does not lose its signs as such; it must merely relocate them and, under the circumstances, this does not appear to be too onerous a requirement.
By the Court. — Judgment affirmed.

 See Odelberg v. Kenosha (1963), 20 Wis. (2d) 346, 122 N. W. (2d) 435; Courtesy Cab Co. v. Johnson (1960), 10 Wis. (2d) 426, 103 N. W. (2d) 17; Highway 100 Auto Wreckers v. West Allis (1959), 6 Wis. (2d) 637, 96 N. W. (2d) 85, 97 N. W. (2d) 423; Madison v. Chicago, M., St. P. & P. R. Co. (1958), 2 Wis. (2d) 467, 87 N. W. (2d) 251.

 Courtesy Cab Co. v. Johnson, supra, footnote 1, at page 432.

 Ibid.

 Cream City Bill Posting Co. v. Milwaukee (1914), 158 Wis. 86, 147 N. W. 25; Thomas Cusack Co. v. Chicago (1917), 242 U. S. 526, 37 Sup. Ct. 190, 61 L. Ed. 472; People v. Arlen Service Stations (1940), 284 N. Y. 340, 31 N. E. (2d) 184; Slome v. Chief of Police of Fitchburg (1939), 304 Mass. 187, 23 N. E. (2d) 133; New York State Thruway Authority v. Ashley Motor Court, Inc. (1961), 10 N. Y. (2d) 151, 176 N. E. (2d) 566.

 A second sentence of sec. 16.18 (2) (i) concerns identity signs. It provides: “The identity sign shall not exceed 10 feet in height or width nor 35 square feet in area. The bottom edge of said identity sign shall be not less than 12 feet above sidewalk grade. No sign shall be located within 25 feet of any residentially zoned property.” Neither the complaint, the testimony, nor the lower court’s decision concerned itself with this section of the ordinance and the validity or invalidity of this section is not before us on this appeal. .

 (1937), 226 Wis. 215, 222, 276 N. W. 311.

 “(1) All classification must be based upon substantial distinctions which make one class really different from another.”

 “‘(5) That the characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.’ ”

 Sec. 12, art. I, Wis. Const.

 State ex rel. Prahlow v. Milwaukee (1947), 251 Wis. 521, 527, 30 N. W. (2d) 260.

 Supra, footnote 4.

 Id. at page 96.