STATE EX REL. BAER, Appellant, v. CITY OF MILWAUKEE and others, Respondents.

*January 9—January 31, 1967.*

628

"..."

For the appellant there was a brief by *Peregrine, Schimenz & Marcuvitz,* attorneys, and *Alan Marcuvitz* of counsel, all of Milwaukee, and oral argument by *Alan Marcuvitz.*

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Theophilus C. Crockett,* assistant city attorney, and oral argument by *Mr. Crockett.*

WILKIE, J. Two issues are raised on this appeal in which the constitutionality of the Milwaukee ordinance regulating pool halls and billiard parlors is attacked:

(1) Is the ordinance unconstitutional because there is no reasonable basis for the regulation of pool halls and billiard parlors by a municipality?

(2) Is the ordinance discriminatory because it regulates billiard parlors and not other recreational facilities or because it regulates particular billiard parlors and excludes others or because it excludes pool halls or billiard parlors with less than three tables?

While appellant maintains that there is no reasonable basis for the city of Milwaukee to enact an ordinance regulating billiard parlors, the city contends that the ordinance regulating billiard parlors is a valid exercise of police power. Police power is an inherent attribute of government and encompasses regulations for "the protection of the lives, health, and property of citizens, and the promotion of good order and good morals." [1]

---

[1] *Chicago, M. & St. P. R. Co. v. Milwaukee* (1897), 97 Wis. 418, 422, 72 N. W. 1118.

Concerning the underlying presumption of constitutionality of a municipal ordinance and its effect, we have said:

". . . [A]n ordinance is presumed to be constitutional and . . . the attacking party must establish its invalidity beyond a reasonable doubt. If there is any reasonable basis for its enactment, the ordinance must be sustained. Furthermore, this court will not interfere with a municipality's exercise of police power unless it is clearly illegal." [2]

In short, a person who attacks an ordinance as unconstitutional must carry a burden of proof, beyond a reasonable doubt, that no reasonable basis exists for the enactment of the ordinance.[3] Appellant's proof in this case is too vague and is of too little consequence to show that no basis exists for regulating pool halls. Appellant asserts, although there is no factual proof in the record, that the modern pool hall is a clean recreational area bearing no relation to the pool hall of other eras. In the absence of concrete evidence to this effect, appellant has not established a sufficient amount of proof to overcome the presumption of constitutionality.

Regulation of pool halls has been sustained countless times by courts in other states.[4] Poolrooms tend "towards a disturbance of the public welfare" and may "become congregating places for idlers and loafers." [5] One court has said that pool halls may become a nuisance "by the presence of the professional billiardist and gambler, ready to fleece the unwary and to inculcate the

---

[2] *J & N Corp. v. Green Bay* (1965), 28 Wis. (2d) 583, 585, 137 N. W. (2d) 434.

[3] *J & N Corp. v. Green Bay, supra,* footnote 2; *Clark Oil & Refining Corp. v. Tomah* (1966), 30 Wis. (2d) 547, 141 N. W. (2d) 299.

[4] See Anno. 20 A. L. R. 1482, Anno. 53 A. L. R. 149, and Anno. 72 A. L. R. 1339.

[5] *Atwood v. Otter* (1921), 296 Ill. 70, 81, 129 N. E. 573, 577.

gambling habit in the youth of the city." [6] Another court concluded "The ordinance is not aimed at the game but at the place." [7]

One composer, describing the pool hall in the mythical River City, put to song America's common impression of the pool hall and its bad effect on young people.

". . . But just as I
Say it takes judgment,
Brains and maturity to
Score in a balkline
Game, *I Say* that any
*Boob* . . . kin
Take 'n' *Shove A*
*Ball in a Pocket.*
. . . And I call that
Sloth! The first big
Step on the road to the
Depths of deg-ra-
Day—I say first—
. . . Medicinal
Wine from a teaspoon,
*Then*—beer from a
Bottle. . . . And the
Next thing you know your
Son is playin' fer
Money in a pinch-back
Suit. . . .
   . . .
Pockets in a table!
Pockets that mark the
Diff'rence between a
Gentleman and a
Bum with a capital
B and that rhymes with
P and that stands fer
Pool. . . . And
All week long your
River City youth'll be

[6] *Ex Parte Murphy* (1908), 8 Cal. App. 440, 444, 97 Pac. 199, 201.

[7] *Murphy v. California* (1912), 225 U. S. 623, 629, 32 Sup. Ct. 697, 56 L. Ed. 1229.

> Frittern away, I say
> Your young men'll be
> Frittern . . .
> Frittern away their
> Noon-time, Suppertime,
> Chore-time, too!
> . . .
> Trouble, oh yes ya got
> Lots and lots a'
> Trouble, I'm thinkin' of the
> Kids in the knickerbockers
> Shirt-tail young-ones
> Peekin' in the Pool Hall
> Window after school,
> . . . Right here in River
> City . . .
> Trouble with a capital
> T and that rhymes with
> P and that stands for
> Pool. . . ." [8]

We conclude that there is a reasonable basis for the regulation of pool halls and billiard parlors.

### Discrimination.

Appellant contends that the ordinance is discriminatory and is therefore unconstitutional because it denies him the equal protection of the laws guaranteed by the Fourteenth amendment. He first argues that the ordinance discriminates by regulating and controlling billiard rooms, while failing to do the same for many other similar businesses in the entertainment and recreation industry.

Five standards for proper classification in an ordinance were promulgated by this court in *State ex rel. Ford Hopkins Co. v. Mayor*.[9] They are:

---

[8] YA GOT TROUBLE from "The Music Man" by Meredith Willson © 1957 Frank Music Corp. and Rinimer Corporation.

[9] (1937), 226 Wis. 215, 222, 276 N. W. 311.

"(1)   All classification must be based upon substantial distinctions which make one class really different from another.

"(2)   The classification adopted must be germane to the purpose of the law.

"(3)   The classification must not be based upon existing circumstances only. [The following sentence was added to No. 3 by *State ex rel. Risch v. Trustees:* 'It must not be so constituted as to preclude addition to the numbers included within a class.' [10]]

"(4)   To whatever class a law may apply, it must apply equally to each member thereof.

" . . .

" '(5)   That the characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.' " [11]

Before appellant can avail himself of these rules to challenge any distinctions among classes of recreation or classes of pool halls, he again must overcome a presumption that the classifications are reasonable and proper. This court stated this presumption in *Kiley v. Chicago, M. & St. P. R. Co.*[12] as follows:

". . . On the other hand, the question whether there is room or necessity for classification is one resting primarily with the legislature, and no court is justified in declaring classification baseless unless it can say without doubt no one could reasonably conclude that there is any substantial difference justifying different legislative treatment."

The burden of proof is on appellant to show that no basis for the classifications of the Milwaukee city council exist. Appellant has produced no evidence on this issue and therefore has not overcome the presumption of con-

[10] (1904), 121 Wis. 44, 54, 98 N. W. 954.

[11] The fifth rule was added in *State ex rel. Risch v. Trustees, supra,* footnote 10, at page 54.

[12] (1910), 142 Wis. 154, 159, 125 N. W. 464.

stitutionality of the classifications made by the ordinance.

Notwithstanding appellant's failure of proof, on the merits his contention that pool halls may not be regulated when other recreational and entertainment industries are not regulated cannot be sustained. This court has said that legislation in the exercise of the police power may proceed piecemeal depending on the seriousness of the evil presented in a particular industry and occupation.[13] The United States supreme court states the principle as follows:

"Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. . . . Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." [14]

The legislature, based on its knowledge and experience with local conditions, could conclude that loitering and gambling in pool halls was more serious than in other types of recreation or entertainment. Moreover, the difficulty in policing pool hall establishments for these evils may warrant stronger sanctions and regulations.

"The legislature is 'free to recognize degrees of harm and it may confine its restrictions to those classes of cases where the need is deemed to be clearest.' If 'the law presumably hits the evil where it is most felt, it is not to be overthrown because there are other instances to which it might have been applied.' " [15]

[13] Kuhl Motor Co. v. Ford Motor Co. (1955), 270 Wis. 488, 503, 71 N. W. (2d) 420; Borden Co. v. McDowell (1959), 8 Wis. (2d) 246, 260, 99 N. W. (2d) 146. See also concurring opinion by Mr. Chief Justice CURRIE in J & N Corp. v. Green Bay, supra, footnote 2, at page 588.

[14] Williamson v. Lee Optical Co. (1955), 348 U. S. 483, 489, 75 Sup. Ct. 461, 99 L Ed. 563.

[15] West Coast Hotel Co. v. Parrish (1937), 300 U. S. 379, 400, 57 Sup. Ct. 578, 81 L. Ed. 703.

Second, appellant argues that the ordinance is discriminatory because it excludes particular types of pool halls. The ordinance does not cover tables on premises of organizations described as religious, charitable, educational, and fraternal. It also excludes tables provided by *bona fide* clubs and social organizations. These classifications and exclusions appear to be based on substantial distinctions which are germane to the purpose of the law. The ordinance evinces, on its face, a strong policy toward supervision of play by minors under eighteen. The ordinance allows children under eighteen to go into any pool hall as long as they are accompanied by a parent or guardian. The basis of excluding pool halls in a religious, charitable, educational or fraternal organization, or pool halls on the premises of *bona fide* clubs or social organizations might very well be that play is supervised there. Moreover, the likelihood of loitering or public disturbances in pool halls of this nature would be substantially less. These considerations furnish a reasonable basis for a classification by the Milwaukee council which excludes pool halls of this type from regulation and we conclude that the ordinance is not unconstitutionally discriminatory in this connection.

Appellant also argues that the ordinance is discriminatory because it excludes pool halls where there are less than three tables. Again, a reasonable basis exists for this classification. The ordinance is aimed at controlling the congregation of too many youths. Pool halls where there are only two tables are easier to control as to public disturbances and gambling. The legislative body could well conclude that loitering would also be easier to control and supervision would be easier to impose. These considerations provide a reasonable basis for the city council to adopt the classification of pool halls according to the number of tables.

We conclude that the ordinance is not unconstitutional.
*By the Court.*—Order affirmed.