STATE EX REL. REAL ESTATE EXAMINING BOARD, Appellant, v. GERHARDT, Respondent. [Two appeals.]

*No. 337. Argued June 6, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 622.)

702

704

706

For the appellant there were briefs and oral argument by *Maxwell H. Herriott* of Milwaukee.

For the respondent there was a brief by *Immell, Herro, Buehner, DeWitt & Sundby,* attorneys, and *Steven N. Gerhardt* of counsel, all of Madison, and oral argument by *Jack DeWitt.*

HANLEY, J.   The following questions are raised on this appeal:

1. Is there lack of equal protection of the laws because the classification of persons excluded by sec. 136.01 (6), Stats., is unconstitutionally arbitrary and discriminatory;

2. Is there lack of due process because secs. 136.01 (2), 136.02 and 136.08 (1a), Stats., are void for vagueness;

3. Is the finding that continuation of defendant's activities might cause injury to the public interest supported by the great weight and clear preponderance of the evidence; and

4. Is there lack of due process if the Real Estate Examining Board is granted the injunctional relief provided for by sec. 136.08 (1a), Stats., under the record in this case.

## 1. *Discrimination.*

The defendant's first argument concerning the constitutionality of the licensing requirement is that it denies him the equal protection of the law as guaranteed, at least as against state action by the fourteenth amendment to the United States Constitution.   Defendant points out that the statute defining a "real estate broker" (sec. 136.01) expressly excludes receivers, trustees, administrators, executors, guardians or other persons appointed by or acting under the judgment or order of any court, public officers performing their official duties, any bank, trust company, savings and loan association and land mortgage or farm loan association when they are engaged in the

transaction of business within the scope of their corporate powers, and any employees of the above when engaged in the specific performance of their duties.[2] He argues that to exclude attorneys from the class of persons so exempted is so arbitrary and unreasonable as to constitute the denial of equal protection.

The court has recently pointed out the purpose of ch. 136 of the statutes:

"Ch. 136, Stats., Real Estate Brokers' Board, is a regulatory legislative enactment, under the police power, designed, primarily, to protect the interest of the general public. The history, as set out by the early cases, reveals that prior to the enactment of these regulatory statutes unscrupulous persons dealt in the buying and selling of real estate either for themselves or others in an unethical and fraudulent manner to such an extent that regulation, for the protection of the general public, became necessary." [3]

In *Business Brokers Association v. McCauley*,[4] the same class of persons exempted by sec. 136.01 (6), Stats., from the class of "real estate broker" were exempted from the class of "business-opportunity broker," to which at that time pertained regulations separate and distinct from those governing real estate brokers. As to the purpose for such exemption the court stated the following.

". . . It appears that all persons and corporations exempted under the terms of the Business Opportunity Brokers' Statute are regulated by some other provision of the statutes relating to their particular class. . . . Manifestly the legislative intent was to exclude those

---

[2] Sec. 136.01 (6), Stats.

[3] *Hilboldt v. Wisconsin Real Estate Brokers' Board* (1965), 28 Wis. 2d 474, 481, 137 N. W. 2d 482. In *State ex rel. Green v. Clark* (1940), 235 Wis. 628, 631, 294 N. W. 25, the court stated that the same reasons for protecting the public exist in the case of one who is engaged in the business of selling his own real estate as in the case where one sells only the real estate of others.

[4] (1949), 255 Wis. 5, 38 N. W. 2d 8.

businesses which were different and which were already regulated." [5]

Defendant contends that attorneys as a class are well regulated, presumably through the supervisory control by the supreme court of the practice of law in this state, by the Canons of Professional Ethics, which are adopted as the rules of practice pursuant to Rule 9 of the State Bar Rules, and by other regulations. He further argues that it would be arbitrary to assume that although they are indeed regulated, they are less trustworthy or less knowledgeable about real estate law as a class than any of the exempted groups.

We think the defendant in making his argument fails to see that in addition to being independently regulated, the exempt class is engaged in buying and selling real estate only incidentally to some other purpose. Certain of their activities might have placed them in the class of "real estate broker" were it not for the exemption, but the legislature may have considered that in view of the incidental character of their involvement in real estate transactions and in view of their fiduciary capacity, they were unlikely to deal unscrupulously or in an unethical and fraudulent manner. Here, by hypothesis, it is the defendant's intention to hold himself out as a real estate broker primarily for his own economic benefit and not as incidental to his law practice. Without in any way reflecting upon the integrity of attorneys, we cannot say that the legislature did not have the power to make the instant classification, based as it is on the weaknesses of human nature acting in its own self-interest.

The rule is that ". . . in the exercise of its police power to require licenses, a state may make any reasonable classification which it deems necessary to the police purpose intended to be attained by the legislation. . . ." 33 Am. Jur., *Licenses*, p. 353, sec. 30. ". . . the legisla-

---

[5] *Id.* at page 12.

ture may, without denial of equal protection of the laws, classify businesses and occupations for purposes of regulation, provide different rules for different classes, limit a regulation to a particular kind of business, extend to some persons privileges denied to others, or impose restrictions on some but not on others, where the classification or discrimination is based on real differences in the subject matter and where the classification or the discrimination is reasonable, and the legislation affects alike all persons pursuing the same business under the same conditions." 16A C. J. S., *Constitutional Law*, pp. 338, 339, sec. 510.

The discretion of the legislature in making these classifications is great.[6] The court is not required under the law to find a proper basis of classification, but the classification made by the legislature is presumed to be valid unless the court can say no state of facts can reasonably be conceived that would sustain it.[7]

Five standards for proper classification were promulgated by this court in *State ex rel. Ford Hopkins Co. v. Mayor*,[8] and expanded in *State ex rel. Baer v. Milwaukee*.[9] They are:

" '(1) All classification must be based upon substantial distinctions which make one class really different from another.

" '(2) The classification adopted must be germane to the purpose of the law.

" '(3) The classification must not be based upon existing circumstances only. [The following sentence was added to No. 3 by *State ex rel. Risch v. Trustees:* "It must not be so constituted as to preclude addition to the numbers included within a class."]

---

[6] *Id.* at page 10.

[7] *State v. Neveau* (1941), 237 Wis. 85, 99, 294 N. W. 796, 296 N. W. 622.

[8] (1937), 226 Wis. 215, 222, 276 N. W. 311.

[9] (1967), 33 Wis. 2d 624, 633, 148 N. W. 2d 21.

" '(4) To whatever class a law may apply, it must apply equally to each member thereof.

" ' . . .

" '(5) That the characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.' "

The burden of proof is on the defendant to show that no basis exists for the classification made by the legislature in sub. (6) of sec. 136.01, Stats. The mere statement of fact that attorneys are well regulated, trustworthy and knowledgeable about real estate law is not sufficient evidence to overcome the presumption of constitutionality of the classification made by the legislature.

The persons and institutions exempted by the statute are regulated by other provisions of the statutes relating to their particular class. They are engaged in buying and selling real estate only incidental to some other purpose. Here the defendant desires to act as a full-fledged real estate broker.

We conclude that there is a reasonable basis for the exemption specified in the statute.

## 2. *Question of Vagueness.*

Defendant next challenges the licensing regulations on the ground that they are unconstitutionally vague. In *Family Finance Corp. v. Sniadach* [10] the court stated that it is a long accepted rule that a party may not urge the unconstitutionality of a statute upon a point not affecting his rights. The defendant cites *Winters v. New York* [11] and *Thornhill v. Alabama* [12] as authority for the proposition that he may do so. These cases involved first

[10] (1967), 37 Wis. 2d 163, 168, 154 N. W. 2d 259.

[11] (1948), 333 U. S. 507, 68 Sup. Ct. 665, 92 L. Ed. 840

[12] (1940), 310 U. S. 88, 60 Sup. Ct. 736, 84 L. Ed. 1093.

amendment freedoms and constitute an exception to the general rule.[13] Applying the rule, then, since defendant was found to be a broker because he had been engaging in the business of the sale of real estate "to the extent that a pattern of real estate sales is established," this is the only challenge the court must consider.

Defendant's basic contention here is that the term "pattern" is vague. However, alongside that requirement is the requirement that the seller be engaged in the business of selling. Much of the defendant's argument suffers from a confusion over what it means to be in the "business" of selling real estate. When a person who owns land for investment purposes decides it is time to sell, it is only when he accomplishes the sales himself that he is arguably in the business of selling real estate, for which a broker's license is required. If he procures the services of a broker, it is the broker who accomplishes the sale; and the property owner will not then be found to be in the business of selling. "Pattern" suggests that, even though one be in the business of selling, more than an isolated instance or two of selling must occur before a broker's license is required. It also suggests that there is a purpose to engage in the business of selling which is responsible for the pattern of sales. While it is not a term of precision, it is no more indefinite than, say, "reasonable care," "substantial lessening of competition," or "due process." We do not think it unconstitutionally vague. It also seems that the defendant knew he was in contravention of the statute, when he declared his intention to the board to continue his practices:

". . . As far as my own status is concerned, I take the position that it is not necessary for me to be a licensed real estate broker inasmuch as I am a licensed practicing attorney. For your information, I have been extensively engaged in real estate subdivision work in

---

[13] *See United States v. Raines* (1960), 362 U. S. 17, 80 Sup. Ct. 519, 4 L. Ed. 2d 524.

Madison for the past year and am presently working on my third subdivision. For myself I would almost welcome the opportunity to establish in court that a licensed attorney need not be licensed as a real estate broker in the State of Wisconsin." [14]

### 3. Defendant's Activities Contrary to Public Interest.

Defendant challenges that the finding that his activities were contrary to the public interest is against the great weight and clear preponderance of the evidence. The challenge is premised upon the assertion that attorneys as a class are as trustworthy and competent to handle real estate matters as real estate brokers. We would not argue to the contrary, but the point is not germane. The legislature has enacted a valid law subjecting the brokering of real estate to public controls under the shield of the Real Estate Examining Board. It has also made the determination that:

"Any person who engages in or follows the business or occupation of, or advertises or holds himself out as or acts temporarily or otherwise as a real estate broker or salesman in this state without a license . . . shall be prosecuted by the district attorney in the county where violation occurs and may be fined not more than $1,000 or imprisoned not more than 6 months or both." Sec. 136.16 (1), Stats.

Apart from sec. 136.08 (1a), Stats., the legislature has determined that acting as a real estate broker or salesman without a license causes injury to the public interest. What, then, does the language in sec. 136.08 (1a) that "the continuation of such activity might cause injury to the public interest" add to the requirement for obtaining an injunction, supposing now that it can be established that the one to be enjoined was acting as a broker without a license? Merely that the commission must have reason to believe that the defendant intends

[14] Letter of defendant under date of October 26, 1964, to Alvin M. Tandberg of the board.

to continue such activity. If acting as a broker without a license is unlawful, and a fortiori not in the public interest, a person so acting has no right to continue his acts. The finding that defendant complains of is in accord with the great weight and clear preponderance of the evidence, since a pattern of sales was definitely established here.

### 4. *Question of Lack of Due Process.*

Finally, the board raises the issue that the trial court's third conclusion of law quoted above was improper. The court concluded that as a part of the board's right to injunctional relief under sec. 136.08 (1a), Stats., there must be a finding that continuation of defendant's activities might cause injury to the public interest. Although the board is in no way aggrieved by the judgment, we will consider the issue raised.

From what has gone before it should be apparent that the only determination of injury to the public interest that needs to be made is that defendant has acted as a real estate broker without a license. Being wholly without the right to continue such practice, he cannot be heard to complain when the board chooses to seek an injunction against him, rather than swear out a criminal complaint. Defendant will receive the only hearing to which he is entitled, namely, one on the issue of whether he in fact acted as a broker without possessing the necessary license—in either event. The board's choice of undertaking an investigation under sec. 136.08 (1), Stats., or seeking an injunction or other remedy under sec. 136.08 (1a), no matter how exercised, deprived the defendant of no right to which he would otherwise be entitled.

We conclude that the right to injunctive relief is complete when the board proves in the trial court that: (1) The proceeding was duly instituted in accordance with sec. 136.08 (1a), Stats.; (2) the defendant had no

license pursuant to ch. 136; and (3) defendant's sales of real estate were such that he was required by ch. 136 to have a license. These are the same facts requisite for conviction of the defendant pursuant to sec. 136.16 (1).

*By the Court.*—Judgment affirmed.