CLEMENS V. HEDEEN, JR., District Attorney, Door County
You have forwarded a copy of a sign control ordinance which is presently being considered for adoption by your county. Inasmuch as the proposal has been the subject of considerable discussion and some disagreement as to the propriety of its various terms, you request my comments concerning the general nature of the proposals contained therein.
According to the terms of the proposed sign control ordinance, it would be adopted by the county board pursuant to the authorization contained in sec. 59.07 (49), Stats., which provides, as follows:
"BILLBOARD REGULATION. Regulate, by ordinance, the maintenance and construction of billboards and other similar structures on premises abutting on highways maintained by the county so as to promote the safety of public travel thereon. Such ordinances shall not apply within cities and villages which have adopted ordinances regulating the same subject matter."
The proposed county sign ordinance would be effective in all of Door County, except those incorporated areas which have adopted ordinances regulating the maintenance and construction of billboards. Generally speaking, the ordinance permits signs, which identify the activities and/or name of the business currently operating on the premises where the sign is located, regardless of size, as long as they comply with certain general requirements which are applicable to all signs under the ordinance. However, off-premise signs are much more severely regulated under the terms of the ordinance.
As I understand the proposed sign ordinance, it would absolutely prohibit all "off-premise" signs, i.e., "containing a message unrelated to the premise or the use of land where such sign is located," unless the sign is an official traffic control sign, a temporary sign permitted under the ordinance, a sign indicating the approach of a business or turning point (not to exceed 32 square feet in gross area) or a sign indicating thedirection to a business not located directly adjacent to the highway (not to *Page 193 
exceed 12 square feet in gross area). The ordinance purports to regulate all such "off-premise signs" which are visible from any state, county or town road or street . . ."
In Wisconsin, our Supreme Court long ago recognized that the state, in the exercise of its police power, may reasonably regulate billboards and delegate this power of regulation to local government. Cream City B.P. Co. v. Milwaukee (1914),158 Wis. 86, 93-94, 147 N.W. 25; 58 A.L.R. 2d 1314. The state of Wisconsin presently regulates billboards and other outdoor advertising devices adjacent to the interstate or primary highway system. See sec. 84.30, Stats., as repealed and recreated by ch. 197, Laws of 1971. The statutes also regulate the placement of signs within the limits of streets and highways. Secs. 86.19 and86.191, Stats. In the case of counties, provisions regulating billboards and signs may be enacted as a part of the county's zoning ordinance under sec. 59.97, Stats., or, as proposed in this instance, as a separate ordinance under the above-quoted provisions of sec. 59.07 (49), Stats., 46 OAG 148 (1957).
Our court will not interfere with the exercise of the police power through the enactment of a local ordinance regulating billboards and signs, if there is any reasonable basis to sustain the ordinance, and the court will presume the ordinance to be constitutional unless the attacking party establishes its invalidity beyond a reasonable doubt. J N Corp. v. Green Bay
(1965), 28 Wis.2d 583, 585, 137 N.W.2d 434.
Even where the regulation of signs and billboards are proposed under broad based zoning laws, there is a general split in authority in the United States concerning whether such regulation may be justified solely on the basis of aesthetic considerations. 58 A.L.R. 2d 1327. In Jefferson County v. Timmel (1952), 261 Wis. 39,61, 51 N.W.2d 518, the Wisconsin Supreme Court recognized that the general rule, to the effect that the zoning power may not be exercised for purely aesthetic considerations, is undergoing development, and the court has subsequently expressed doubt whether this general rule any longer reflects the zoning law of the state of Wisconsin. State ex rel. Saveland P. H. Corp.v. Wieland (1955), 269 Wis. 262, 271, 69 N.W.2d 217; Kamrowski v.State (1966), 31 Wis.2d 256, 265, 142 N.W.2d 793. However, whatever may be the proper place of *Page 194 
aesthetics in the present law of zoning in the state of Wisconsin, the sign control ordinance here under consideration would not be promulgated pursuant to the county zoning power, sec. 59.97, Stats., but would be adopted pursuant to sec. 59.07
(49), Stats., which more narrowly limits ordinances enacted under its provisions to those which "promote the safety of public travel" in reference to "highways maintained by the county." These provisions of the statute were discussed in 46 OAG 148 (1957), at page 150, as follows:
"It will be noted that the power therein conferred is limited in its exercise to the promotion of `the safety of public travel' and to premises abutting on `highways maintained by the county'. Although counties do maintain state highways and in many instances town roads, this maintenance is done merely on a contractual basis and not pursuant to any duty independent of contract. It is my opinion therefore that the specific authority conferred by this particular section is limited to those lands abutting highways over which the county is the maintaining authority, i.e. the county trunk system, and is further limited, in that regulation under this statute would not appear to permit any considerations other than public safety to govern its exercise."
It appears obvious, therefore, that, although a county may exercise the police power by adopting billboard regulations under sec. 59.07 (49), Stats., to be sustainable, such regulations must bear a reasonable relationship to highway safety and may not be based solely on aesthetic or artistic considerations.
I have reviewed the proposed sign control ordinance for Door County with the foregoing considerations in mind, as well as the other more general criteria, which is normally applied to test the validity of any legislative enactment. From my review of the proposed sign control ordinance, I must conclude that it would not be possible to sustain such enactment in its present form. In my opinion, the ordinance would probably be held invalid by the courts in the event of a challenge.
A sign ordinance may be proposed for enactment under sec. 59.07
(49), Stats., so as to avoid the more detailed mechanics (town approval, etc.) necessary to include the same within the county zoning ordinance. However, where sign regulations are not *Page 195 
enacted as part of a zoning ordinance, they do not possess all of the enforcement tools which are available under the zoning power. For instance, Section VI-A of the proposed ordinance provides that ". . . compliance with this ordinance may also be enforced by injunctional order at the suit of Door County or the owner or owners of real estate within Door County." This language must be interpreted in the light of the established rule in Wisconsin that, "unless an act is established to be a nuisance per se or threatens to destroy property rights, an injunction will not issue" to aid in the enforcement of an ordinance. Wind Point v.Halverson (1968), 38 Wis.2d 1, 11, 155 N.W.2d 654; 59 OAG 248, 255-256 (1970). Clearly, then, this provision of the ordinance is unenforceable. For more general information, see annotation in 38 A.L.R. 3d 647 re billboards and other outdoor advertising/signs as civil nuisance.
Although sec. 59.07 (49), Stats., specifically restricts the regulation of billboards and similar structures to premisesabutting on highways, the proposed ordinance seeks to regulateall off-premise signs which are visible "from any state, county, or town road, or street," presumably whether or not the signs abut on the highway from which the sign is "visible."
In my opinion, the definition of the term "abutting" accepted by the Wisconsin Supreme Court in Royal Transit, Inc. v. Villageof West Milwaukee (1954), 266 Wis. 271, 63 N.W.2d 62, is applicable in determining the proper interpretation of the term as used in sec. 59.07 (49), Stats. At page 274 of that opinion, the court says:
"As to who is an abutter, it is stated in 10 McQuillin, Mun. Corp. (3d ed.), p. 657, sec. 30.55:
"`When no land intervenes between the land of the abutter and the street, his property is said to "abut." If the property does abut, the lotline and streetline are in common. Of course, where there is no physical connection between the lotline and the streetline, the owner of the lot is not an abutter.' *Page 196 
"In our opinion this definition is the proper one to apply here. . . . There is nothing in the language or intent of the statute which requires a different interpretation of the word `abutting' than the general one given by McQuillin that the lotline and the streetline must be in common."
In light of the foregoing, it appears evident that the proposed ordinance exceeds the authority granted to counties to regulate billboards as set forth in sec. 59.07 (49), Stats., since it purports to regulate off-premise signs visible from various highways, whether or not they are located "on premises abutting" the highway.
As pointed out in the above quote from the opinion of our office reported in 46 OAG 148, the billboards or signs subject to regulation under the provisions of sec. 59.07 (49), Stats., must be located on premises abutting "highways maintained by the county." However, the subject ordinance contains no such limitation. Much to the contrary, it provides for the regulation of signs and billboards located on or near state highways, town roads, and city or village streets, in addition to those located on county highways. Therefore, I must conclude that the proposed ordinance also unlawfully exceeds the authority granted counties to regulate billboards and signs in the interest of public safety in this regard.
The ordinance under consideration would prohibit all off-premise advertising signs other than approach and directional
signs. Even these signs would be restricted as to what could be placed on their face. Even the largest of these two signs, the approach sign, is restricted in area to 32 square feet in gross area. This limitation would not only effectively eliminate all billboard size signs, but would obviously exclude all other advertising signs as well, regardless of size. Under the terms of the proposed ordinance, therefore, all off-premise signs, other than approved approach and directional signs, would be prohibited throughout Door County, except in cities and villages within the county which have adopted ordinances regulating billboards and other similar structures. *Page 197 
In my opinion, such an ordinance would be held by the courts to be an unreasonable and discriminatory attempt to entirely eliminate billboards and most other advertising signs, under the guise of regulation, without any real regard to whether any such structures are in fact dangerous or present a threat to the safety of the traveling public. Section 59.07 (49). Stats., authorizes billboard regulations relating solely to highwaysafety. The statute does not encompass the same commercial, economic, social, cultural and other broad based considerations bearing on the general welfare which underlie the exercise of other more general delegations of authority to exercise the police power, such as the zoning power.
I am in accord with your conclusion that the wording of this ordinance is inadequate in various respects. However, at your request, I have restricted my remarks to those provisions of the proposed ordinance which I felt would render the entire ordinance most vulnerable to successful challenge in the courts.
RWW:JCM