DENNIS J. FLYNN, Corporation Counsel, Racine County
You advise that recently the Racine County Park Commission has instituted a practice of issuing free or complimentary season golf passes, for the use of the county-owned and operated golf course, to elected county officials and to certain appointed county officials. Ordinarily such a pass costs $75.00. You further indicate that these complimentary passes are "not a part of any bargained for salary of any appointed County official, nor . . . referred to in any ordinance *Page 214 
which establishes the salary of County Board members or other elected County officials." The practice of issuing such passes is not of long standing and has apparently been sanctioned by the county park commission rather than by the county board.
Based on the foregoing facts, you inquire whether the Racine County Park Commission may determine to grant complimentary season golf passes to the county-owned and operated golf course to elected county officials and to certain appointed county officials.
In my opinion, the facts you set forth fail to demonstrate any legal basis which would support the action of the county park commission in giving away the free passes you describe.
Although the county park commission has charge and supervision of all county parks, the commission remains subject to the general direction and supervision of the county board and to such regulations as the board prescribes. Sec. 27.05, Stats. The county board, of course, has only such power as has been conferred on it by the statutes, expressly or by clear implication, Dodge County v. Kaiser (1943), 243 Wis. 551,11 N.W.2d 348; Maier v. Racine County (1957), 1 Wis.2d 384,84 N.W.2d 76, and the commission as its arm or agency possesses no broader authority.
However, counties do possess the authority to develop and maintain golf courses and such projects may even be financed by the issuance of mortgage bonds. Sec. 59.07 (1) (d), Stats. Fees and other income, revenues and rentals would of course be necessary to retire such mortgage bonds. However, fees may be imposed for the use of such facilities even in the absence of such bonds. Where the operation and maintenance of a county golf course falls under the control of a county park commission established pursuant to sec. 27.02, Stats., such commission exercises all the powers and duties of a county rural planning committee under sec. 27.015, Stats. See sec. 27.015 (13), Stats. Section 27.015 (7) (f), Stats., specifically authorizes a county planning committee to impose fees for the use of county park facilities, by providing that:
 "It may under the direction of the county board, operate a county park or parks for tourist camping and general public amusement, and may establish fees, concession privileges and *Page 215 
grants and employ such help as is needed to operate the park or parks for the best county interests. . . ."
Therefore, it can be fairly implied that the park commission can set such fees and establish such classifications with regard to fees as will best serve the interests of the county. Common examples of the use of such authority might include the setting of lower fees on week days or reduced rates for groups of school children. The issue thus becomes whether or not the classification scheme adopted by the Racine County Park Commission, which gives to certain county officials a free season's golf pass to the county golf course while requiring all others to pay $75 for an identical pass, is a reasonable use of their authority to set fees.
In order for classifications within a governmental regulatory scheme to be valid, they must meet specific standards of reasonableness. State ex rel. Ford Hopkins Co. v. Mayor (1937),226 Wis. 215, 276 N.W. 311; Brennan v. Milwaukee (1953), 265 Wis. 52,60 N.W.2d 704; State ex rel. Baer v. Milwaukee (1967),33 Wis.2d 624, 148 N.W.2d 21; Dane County v. McManus (1972),55 Wis.2d 413, 198 N.W.2d 667. As stated in State ex rel. RealEstate Examining Board v. Gerhardt (1968), 39 Wis.2d 701, 710,711, 159 N.W.2d 622:
 "`Five standards for proper classification were promulgated by this court in State ex rel. Ford Hopkins Co. v. Mayor, and expanded in State ex rel. Baer v. Milwaukee. They are:
 "`"`(1) All classification must be based upon substantial distinctions which make one class really different from another.
 "`"`(2) The classification adopted must be germane to the purpose of the law.
 "`"`(3) The classification must not be based upon existing circumstances only. [The following sentence was added to No. 3 by State ex rel. Risch v. Trustees: "It must not be so constituted as to preclude addition to the numbers included within a class."]
 "`"`(4) To whatever class a law may apply, it must apply equally to each member thereof.
"`"`. . . *Page 216 
 "`"`(5) That the characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.'"'"
Nothing you have indicated in your statement of facts serves to readily identify elected and appointive county officials as a class so substantially different than the general public, insofar as the imposition of golf course fees are concerned, as to justify or support the grant to them of free privileges for the use of such county facility. Outside of the rather neutral fact that the recipients of the free passes are all county officials, nothing has been pointed to as even suggesting that the creation of such county fee exemption serves any purpose relating to the execution of the county park laws or any other present law relating to county government.
It is therefore my opinion that a classification which allows elected county officials and certain appointed county officials to use the county park free of charge, while requiring the rest of the public to pay a set fee, is not germane to the purpose of the law establishing parks for educational and recreational purposes and for the preservation of land for public use. As previously pointed out, this is not to say that all price reductions are unreasonable. It may be that a price reduction for a particular group would further the educational, recreational or other purposes of the law. However, in the instant case the classification has not been shown to be germane.
In addition, through the subject classification scheme the park commission has further distinguished elected county board members and some appointed officials from certain other appointed officials and from county employes generally. I cannot discern any basis for these distinctions and the park commission apparently has not offered any reasons which require or justify such different treatment. Certainly the recipients of the complimentary golf course passes have not been shown to be so far different from the general public or other county personnel as to reasonably suggest the propriety of such free passes.
Regulations promulgated by local governmental authority must serve some public purpose to justify their existence. Dane Countyv. McManus, supra, p. 424. As stated in 2 McQuillin, MunicipalCorporations (3d ed.), p. 817, sec. 10.31: *Page 217 
 "Public purpose as limit of power. Any power conferred on a municipality must be exercised for a public use or purpose as distinguished from a private purpose. . . . A municipal corporation is a public institution created to promote public, as distinguished from private, objects. All its powers, property and offices constitute a public trust to be administered by its authorities. . . ."
Based on the foregoing, it is evident that the recent practice of the Racine County Park Commission in granting free season golf passes to the county officials you describe fails to serve any identifiable public purpose.
RWW:JCM